Good morning. I'm John Rhodes from the Missoula office of the Federal Defenders of Montana. I represent Rick Hector. The district court erred when it relied upon the government's motion to dismiss to vacate the double jeopardy barred conviction in this case. Now there's reference to motion to dismiss, which you just mentioned yourself, but it seems to me that once we have a plea that has been received under Rule 11, we have a conviction, do we not? Correct, Your Honor, and that's why I said the government moved to dismiss and the court vacated, and those are two very distinct acts. Right, and is the government still relying, we'll hear from the government, but do you think they're still relying on Rule 48? That's what they, they did not cite Rule 48 to the district court, but obviously their brief to this court, that was their principal argument. And the court is exactly right. There's a distinction between dismissing a conviction or dismissing a count under Rule 48, which is pre-conviction as opposed to vacating a conviction once there has been a finding of guilt either by plea or by a jury. And the court in Villa Poeta noted that Rule 48 does not apply when there's been a conviction. Well, that makes sense because the Rule 48a says the government may, I believe in court, dismiss an indictment, information, or complaint. There's, it doesn't deal with convictions. Correct. It can only be vacated under a separate rubric. I agree, Your Honor. The plain language of Rule 48 does not apply because conviction's not listed. It also does not apply because it uses the word may. It's permissive. Here, vacating the conviction was not permissive. It was an obligation because of the double jeopardy violation. Now, did, do you think Judge Malloy felt he was obliged to entertain the government's motion and to be bound by it? Absolutely, Your Honor. He said, if you don't make a motion, I'm going to vacate, he didn't say vacate, I'm going to sentence on the possession count. He said that at the penultimate moment, right before he imposed sentence. The government then said, well, we move to dismiss the possession count. Judge Malloy accepted that motion and sentenced on receipt. And that's where the government's invocation of harmless error is off base. First, under harmless error analysis, the error, it's presumed that reversal and remanding is the remedy. Otherwise, if the government wants to show it's harmless, it has to show that the error more likely than not did not affect what happened. Well, here, Judge Malloy said, if you don't move to dismiss the possession count, I'm going to sentence on the possession count and I'll vacate. He didn't use the word vacate, but he would have vacated the receipt count. So I think the facts are clear that but for his erroneous deferral to the government's motion to dismiss, he would have vacated the possession count, sorry, the receipt count and sentenced on possession. Well, under Ball, what the Supreme Court said there is what the district court would have to do, and it made it clear it was the district court's discretion. I think Davenport from our circuit makes that clear as well, as does Brobst. But looking at that interchange with Judge Malloy, is it your reading, then, that had he exercised his discretion that he would have dismissed the receiving or the – which one would he have? Had he just done what, you know, the mandate from the Supreme Court basically indicated should be done? It was up to the district court to exercise discretion. Are you saying that he would have exercised his discretion to dismiss which or vacate which? He would have vacated the receipt count. And I'm not just saying – So, therefore, he would have then sentenced to a lower amount. He would have sentenced on the possession count, and that's significant relative to the receipt count for two reasons. One is there's no mandatory minimum. And two, it's undisputed that the guideline calculations change. And Mr. Hector's guideline calculations would have been reduced by two offense levels, which would have made a difference of roughly two years in the guideline's recommended sentence. And it's just not what – how I'm reading the transcript. It's in the transcript of ER 67. The Court said, if you're not – and, again, I'm paraphrasing – if you're not going to make a motion to dismiss, then I'm sentencing on possession. So it's not just a matter of my reading. That is what Judge Malloy said. Now, what about the argument that because of congressional intent and the policy bound up in the receipt statute, which requires a mandatory minimum, that given the choice, assuming that it is total discretion, that he was bound to find – to follow the will of Congress, the preference that implied – impliedly is involved in the mandatory minimum? What about that argument? At that point, Your Honor, we would argue that under the rule of lenity, that the Court would be obligated in exercising its discretion to dismiss the receipt count. This Court could make that ruling. This Court could also vacate Mr. Hector's sentence and remand to Judge Malloy and let him make that determination in the first instance. And the government seems to say that he doesn't really have that discretion. He has to sentence under the tougher crime. And the problem with what the government's saying, as Judge Fisher just alluded, that's not what the Supreme Court said in Ball. It's not what this Court said when it relied upon Ball in its Davenport decision. It's not what this Court said when it directly quoted Ball in Shales and in Brooks. In each of those cases, the Court of Appeals, your Court, and the Supreme Court has said that it's the district court where the sentencing responsibility lies that makes that decision. And it leaves the decision open. It doesn't say district court, you have to vacate the lesser conviction, lesser meaning the one with the less punishment. District court, you have to – There's nothing in Davenport that tells us. Correct. It tells us that district court vacate Davenport's conviction on one of the two counts. And that's Davenport citing Ball. And the Ball principle is, quote, the only remedy consistent with the congressional intent is for the district court where the sentencing responsibility resides to exercise its discretion to vacate one of the underlying convictions. It doesn't say which conviction to dismiss. It doesn't say you've got to do what the government requests. It's your decision, district court. That's the law. So how many – if we were to go with the government's reading, as I understand, and I'll let them argue it, but I'm trying to understand, given the remand instructions of the opinions we've just discussed, this seems to say when you get what is, in effect, a lesser included, the higher penalty one is always, if it's mandatory, then there's no discretion, basically. It seems to take away discretion from the court to suggest, the district court, sentencing court, that if you have the two, one of which is lesser and therefore subject to the double jeopardy analysis, that to say that there is a discretion in the district court, I'm just wondering how often the district court would then have discretion if the rule is that there's a mandatory on the greater one and the district court really wouldn't have discretion, would he? I disagree, Your Honor. I don't think there's anything that says the district court has to impose the harshest sentence it can, which would be the capital mandatory. Well, I wasn't trying to get you to agree with it. I was just trying to figure out what the implications would be. If we accepted, wouldn't that then mean in most of these double jeopardy situations of the kind we're faced with here that the district court would almost automatically have to vacate the lesser of the two, which would mean that the discretion of the district court would be illusory? The key word, Your Honor, I believe in your question, was most. It's up to the district court. The district court may well. The key word was I wasn't trying to get you to agree with it. Yeah. I was trying to understand from your experience what the effect would be. I think the district court would exercise individualized determination in sentencing, particularly Judge Malloy. I think he's a very strong individual that does what he believes the law requires, so I can't say in a case-by-case what would happen in any given case. All right. I'll try to reserve the rest of my time. I'm sorry, counsel. Your time has expired. You've consumed all your time. All right. Thank you, Your Honor. One of the problems with our machine here is that once you get down to zero, the clock keeps ticking, but those are overtime numbers rather than remaining numbers. So I'm sorry. Thank you, counsel. We'll hear from the government. Can I make one final point, Your Honor? Certainly. If the court agrees with us on the legal issue, we would ask that the court vacate Mr. Hector's sentence and remand for resentencing. And the reason we ask that is I'm concerned if the court simply says, Judge Malloy, please decide which count to vacate and leave it at that, that we won't get the human experience of a full-fledged sentencing and be able to remind Judge Malloy in a human advocate manner why it was he said, government, if you don't move to dismiss, I'm going to sentence on the possession count. All right. And he may simply defer to what I think Judge Fisher was suggesting that, well, most of these cases, these guideline sentences are appropriate, so I'm just going to go with the mandatory minimum count. So I did want to make that request. Thank you, counsel. Thank you, Your Honor. We'll hear from the government. May it please the Court and counsel, my name is Marsha Hurd, and I'm an assistant U.S. attorney from the District of Montana. This was my case in the court below, but I did not write the brief. I guess starting from the end. So that's acceptance of responsibility only partially, or what? Well, somewhat, actually, but I have the same issue in a little different fashion in the next case, in the Armbruster case. Starting kind of from the end and working our way backwards here, as Mr. Rhodes has noted, Judge Malloy has absolutely no difficulty in sentencing, especially child pornography defendants, to a below-guideline sentence. He's done it regularly and routinely in cases that he finds it appropriate. He went through a significantly long period of discussion in the transcript about why he believed that 97 months was appropriate here. There is no suggestion that even if he had dismissed the receipt count in favor of the possession count, that this defendant would have received any lesser of a sentence than 97 months, even though the guideline is two points less. The problem that I have with that analysis is we're not talking about sentencing here. We're talking about convictions, vacating convictions. Correct. And it's pretty clear that Judge Malloy, if he did have discretion, would have vacated the receipt count and sentenced on the possession count. Isn't that you agree with that? That's specifically. All right. As I read the transcript, it seems to me he felt he was bound by the government's motion here, and that's the only reason he sentenced on the receipt count. I think that's correct. What happened first was that Mr. Rhodes had moved to dismiss. Basically, Mr. Hector pled before the Davenport decision. So we had the plea in place. Then we had the Davenport decision, and about a month later, Mr. Rhodes moved to dismiss one of the two counts. He didn't move. Okay. Now, here you're using the same shorthand, which I think is, frankly, confusing. You're not dismissing a count. You are somehow trying to move to vacate a conviction, and that's a very significant difference because there's nothing in Rule 48 that talks about convictions. It talks only about indictments. Right. And that's the problem here, I think, with some of the case law in both the Ninth Circuit and the Supreme Court, because although Mr. Rhodes says you simply can't dismiss a count post plea, that isn't accurate in the Ninth Circuit. In a case that we cited in our brief, which was U.S. v. Gonzales, 58 F. 3rd 459, 1995, this was a case that postdated your concurring opinion in the Villa-Pueyta case in 1990, where you said you can't dismiss on a Rule 48 post plea. And, in fact, the Ninth Circuit did and allowed that in U.S. v. Gonzales, and the United States Supreme Court has allowed it in the Rinaldi case that's also cited in my brief, 434 U.S. 22. First, in the Gonzales case, we had a three-count indictment where the defendant fled to two illegal alien counts, I believe a drug count and a gun count. And post plea, before sentencing, the government moved to dismiss the gun count. The court said, no, I don't think that's the right way to deal with this case. I'm not going to allow you to do that. And so it went up on appeal, and the Ninth Circuit said that that was improper and that a Rule 48a motion was proper post plea. And so that's the really strange part about all of this. You look at 48a and you go, okay, well, by its very plain terms, does this or does this not apply? And in looking at your Villa-Pueyta concurrence in 1990, that's obviously the argument that Mr. Rhodes makes. But if you look at several cases since then, both this Court and the Supreme Court have allowed that. But how is granting a Rule 48 motion the same as allowing the district court discretion? Unless he, as a matter of discretion, granted it. But that's not what went on in this transcript. See, I don't think that the district court has the discretion at this point, because I still think that is a charging decision. I know that Mr. Rhodes says this is a sentencing decision, and so therefore it's within his discretion. But I don't think the district court has that discretion, because if you look at the posture of Ball and Davenport and Brobst, it's very different than where we were here in this case. All of the language in Ball, Davenport and Brobst are post — it's what happened in the court after the sentence. I mean, that's how we got to Davenport, was we'd sentenced him on both, erroneously, as it turned out. And that was the same in Ball, where here we were pre-sentencing. We were still in that phase prior to sentencing. And so it's at that point that I don't believe the court does have that kind of discretion. And the other thing that's a little bit tricky about this area is that this court is also on two other cases where you've done Davenport remands, Threadgill and Drost, which were two cases also out of the District of Montana. You've remanded with instructions to dismiss the lesser included. But Davenport uses the word vacate. It does. The district court vacate Davenport's conviction. It doesn't talk about dismissing counts. Correct. Because that — but that was post-sentencing, and so that's the difference. I agree with it. It's post-conviction. This is post-conviction. Well, it's post-conviction. Sentencing or not. It was pre-sentencing. So what? It's still post-conviction. It's still a conviction you're trying to get rid of. Correct. And Gonzales and Rinaldi from the Supreme Court say we can do that. Well, Gonzales says we only reached the decision in our case in Gonzales because there was mutual consent to the Rule 48 by the defendant. So I don't think that's a very strong read to rest on. Well, but even though there was mutual consent, we can't make the argument that Gonzales doesn't apply because it was also a post-case. I know, but to say that that's your strongest authority. No, I think Rinaldi is actually a stronger authority from the United States Supreme Court because that case was dismissed during the appeal. And the Supreme Court granted that dismissal or actually overturned the district court's failure to grant that dismissal. And so that's where it gets kind of confusing here between Rule 48 and pre-sentencing and post-appeal. So I understand, you know, that there's an issue here and a concern here, but I still think that prior to the time of sentencing, the district court does not have discretion to decide which of the counts should be dismissed when there is a lesser included. In this case, Mr. Hector pled guilty to a – and admitted all the elements of a serious crime of receipt. He also admitted all the elements of possession. Of course, this was prior to Davenport. And there is no case law or no authority for the theory that he should get out of his responsibility for the greater charge at the district court's discretion. Because what if the district court always decided that they were only going to dismiss the possession count? They were never going to dismiss the receipt count, but the government wanted the receipt count dismissed, which we've actually done in two cases. So that's where it gets kind of confusing about where that discretion lies and at what point that attaches. You're just trying to set us up for reversal by the Supreme Court. I certainly can't. I also think that we don't really even necessarily need to get to, either in this case or in the case of Armbruster that follows, to that area. Because Judge Molloy was clear about the fact that he had studied this extremely carefully and gave him 97 months. And there was no indication that if he had sentenced him on a possession count, he would have given him any less than 97 months. But it's equally clear that if he had – if he thought he had discretion, he would have sentenced on the possession only. Absolutely. You know, and this is – Judge Molloy and I had this – And presumably that sentence would be some – probably in the 50s or 60s months rather than 97. Possession? I don't believe so at all, Your Honor. Having done a number of these cases in front of Judge Molloy, he clearly has departed downward even to the mandatory minimum on receipt counts and on possession counts, because the conduct is the same in terms of the cross-reference, but the guideline starts at a two-point lower. What I'm trying to get at is, are you saying that the sentence would have been the same? Yes. 97 months either way? I believe so. Judge Molloy is very – What is there in the record that would tell us that? Well, if you look at – there's about six pages or more of Judge Molloy's discussion about all of the sentencing factors here. And he has been very willing and able in other cases to depart way below even the low end of the guideline range. And there was no indication in any of that discussion that had he been allowed to sentence on possession. He would have given him less than what he did or that he felt bound by the 97 months in any fashion. And we just had this issue come back in the Brobst case, which is one of the cases that there was a Davenport remand. And so on his remand back, Brobst asked for a full sentencing hearing, asked for this same relief, and Judge Molloy said no, dismissed the possession count, did not have a full remand hearing, and said, I've done what the court ordered me to do. I dismissed possession. You can do that here, too. Absolutely. He could do that here, too, if, in fact, he had – you know, he had made some error or we thought there was – I'd be making a different argument if he had said, I'd give this guy less than 60 months. This is a guy who gets 20 months. I would never do this unless you had bound me to this. But he was really clear about why he thought 97 months was appropriate. This is a man who had almost 8,000 images and almost 400 movies of child pornography. And he looked at that pretty heavily when he was deciding what the sentence was. If there aren't any further questions? No further questions. Thank you, Counsel. The case just argued will be submitted for decision. And we will hear argument next in United States v. Armbrister. Good morning, Your Honors. If it pleases the Court, my name is Michael Donahoe. Just a moment, please, Counsel.
judges: Goodwin, O'scannlain, Fisher